**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-5207**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

JAMES CHINA SMITH, JR., a/k/a JJ,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:08-cr-00870-RBH-3)

———————

Submitted:  November 30, 2010      Decided:  December 22, 2010

———————

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Henry M. Anderson, Jr., ANDERSON LAW FIRM, PA, Florence, South Carolina, for Appellant.   William N. Nettles, United States Attorney, Carrie A. Fisher, Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James China Smith, Jr., pled guilty to conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base. At his sentencing hearing, Smith objected to a government witness who testified regarding Smith's statements following a polygraph examination. The court overruled the objection, noting that it was not relying on the results from the polygraph, but was relying on statements made by Smith himself after being informed that he had failed the examination. Smith told the examiner that he had lied about whether he had continued to engage in a conspiracy to distribute cocaine while on bond. Thus, the court found that Smith was ineligible for a safety valve reduction. See 18 U.S.C. § 3553(f) (2006); U.S. Sentencing Guidelines Manual ("USSG") § 5C1.2 (2009).

We do not find that the district court abused its discretion in relying on Smith's statements following his polygraph examination. United States v. Hopkins, 310 F.3d 145, 154 (4th Cir. 2002) (providing review standard). Sentencing courts are given wider latitude on evidentiary matters because the Federal Rules of Evidence do not apply at sentencing. Id. Evidence may be considered at sentencing as long as it has sufficient indicia of reliability, see USSG § 6A1.3(a), p.s., including hearsay statements. See United States v. Wilkinson,

2

590 F.3d 259, 269 (4th Cir. 2010) (noting that "a sentencing court may give weight to any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy") (citation omitted).

Accordingly, we affirm Smith's sentence. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED